# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| ROY LEE WILLIAMS | CIVIL ACTION NO. 09-191-P |
| VERSUS | JUDGE HICKS |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE HORNSBY |

## CONSOLIDATED WITH

| | |
|---|---|
| ROY LEE WILLIAMS | CIVIL ACTION NO. 09-242 |
| VERSUS | JUDGE HICKS |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court are two petitions for writ of habeas corpus filed by pro se petitioner Roy Lee Williams ("Petitioner"), pursuant to 28 U.S.C. §2254.  The first petition was received and filed in this Court on February 2, 2009.  Petitioner is incarcerated at the David Wade Correctional Center in Homer, Louisiana.  In both petitions, he challenges his state court multiple offender adjudication and sentence. He names Warden Jerry Goodwin as respondent.

On May 30, 2002, Petitioner was convicted of one count of attempted second degree

murder in Louisiana's First Judicial District Court, Parish of Caddo.  Subsequently, he was adjudicated a multiple offender and sentenced to 30 years imprisonment.

In support of this petition, Petitioner alleges his habitual offender adjudication and sentence are illegal.  He claims the crime used to enhance his sentence was not committed by him, but rather by someone with the same name.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

3.      the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.      the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

### Limitations - 28 U.S.C. §2244(d)(1)(A)- Finality of Judgment

The Court will first determine when Petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner pleaded guilty and was sentenced as a habitual offender on May 30, 2002. Petitioner did not seek direct review of his conviction and sentence.  Therefore, Petitioner's one-year limitation period began on July 1, 2002 when the delay for applying for a direct appeal expired.  See La. C.Cr.P. art. 914.

The first federal petition currently before the Court was filed in this Court on February 2, 2009 and mailed on January 30, 2009.  Since the federal clock began ticking on July 1, 2002 at the latest, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before July 1, 2003.  This petition was not filed until February 2009 and not mailed until January 2009, more than five years too late.

In addition, the post-conviction proceedings initiated by Petitioner in 2007 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1.  Review of these proceedings continued until the Supreme Court of Louisiana denied relief on January 16, 2009.  State ex rel. Williams v. State, 2008-KH-963 (La. 1/16/09).  To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period.  Petitioner did not file the first application for post-conviction relief until 2007, after the limitation period had already expired in July 2003.  Thus, statutory tolling does not apply in this matter and this case is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

**Limitations - 28 U.S.C. § 2244(d)(1)(B)**

Petitioner claims his federal petition is timely because 28 U.S.C. § 2244(d)(1)(B) should be used to determine when the federal limitation period begins to run in this case and not 28 U.S.C. § 2244(d)(1)(A).  That subsection permits the determination of the limitations period from the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action."

Petitioner claims that on December 8, 2006, he was provided with a copy of his institutional transfer record by the David Wade Correctional Center records office.  He claims that after reviewing the transfer record, he discovered that he was incarcerated on the date of the crime used to adjudicate him a habitual offender and could not have been convicted of the prior crime.

Petitioner claims that on December 6, 2006, he filed a motion in the state trial court for production of documents.  He claims the state trial court granted his request for the guilty plea transcript, but denied his request for the sentencing transcript of the conviction used to adjudicate him a habitual offender.  Petitioner claims he was indigent and was unable to purchase the sentencing transcript.  Petitioner claims he then filed a motion to reconsider. He claims the state trial court denied his motion to reconsider on November 7, 2007.

Petitioner claims that once he became aware that his guilty plea as a habitual offender was mistakenly entered into, he made every possible effort to gather sufficient evidence to support his claim of innocence.  Petitioner claims the State imposed an unconstitutional impediment when it did not furnish him sufficient documentation to prove his claim.

Petitioner claims he became aware of his innocence as a habitual offender when he received a copy of his institutional transfer record in December 2006.  Petitioner does not allege that he had previously requested the record and had been denied the record by the State.  Furthermore, Petitioner does not allege that prior to December 2006, he requested his guilty plea and sentencing transcripts and was denied by the State.  The failure of the State to provide him with a copy of his institutional transfer record prior to December 2006 and the failure of the State to provide him with his sentencing transcript free of charge does not amount to a State created impediment to filing which is in violation of the Constitution or the laws of the United States.

In short, Petitioner cannot rely upon the provisions of § 2244(d)(1)(B), and his period of limitations may not be reckoned from December 2006, when he received the institutional

transfer record from the David Wade Correctional Center records department.

**Limitations - 28 U.S.C. § 2244(d)(1)(C)**

Petitioner claims his federal petition is timely because 28 U.S.C. § 2244(d)(1)(C) should be used to determine when the federal limitation period begins to run in this case and not 28 U.S.C. § 2244(d)(1)(A). This claims is also without merit. That subsection permits the determination of the limitations period from "... the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to the case on collateral review."

Petitioner fails to present any arguments in support of his claim. Furthermore, the claim presented does not concern a constitutional right recognized by the Supreme Court within the year prior to filing this petition and made retroactive to cases on collateral review. Thus, Petitioner cannot rely upon the provisions of § 2244(d)(1)(C).

**Limitations - 28 U.S.C. § 2244(d)(1)(D)**

Petitioner also claims his federal petition is timely because 28 U.S.C. § 2244(d)(1)(D) should be used to determine when the federal limitation period begins to run in this case and not 28 U.S.C. § 2244(d)(1)(A). This claim is also without merit. That subsection permits the determination of the limitations period from " ... the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence." The factual predicate of Petitioner's claim is the fact that he was incarcerated when he allegedly committed the crime that was used to adjudicate him as a habitual offender.

Petitioner was provided this fact in December 2006 when he was provided a copy of his institutional transfer record.  That is the date that he alleges he discovered the factual predicate of his claim.  However, as provided by the statute, Petitioner may have the limitations period calculated not from the date the "new" fact was discovered, but rather the date upon which the "new" fact "could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

Petitioner could have discovered through the exercise of due diligence prior to the expiration of the one-year limitation period that he was incarcerated at the time he allegedly committed the prior crime used to convict him as a second felony offender.  Furthermore, actual innocence is not an independent ground for federal <u>habeas</u> relief.  <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993).  Thus, Petitioner cannot rely upon the provisions of 28 U.S.C. § 2244(d)(1)(D).

**Equitable Tolling**

Liberally construing Petitioner's timeliness response, he argues that the federal one-year limitation period should be equitably tolled. The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a <u>habeas</u> <u>corpus</u> petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling.  <u>See</u> <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate."  <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999).  As a general rule,

equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner argues that the federal one-year limitation period should be equitably tolled because he did not learn that he was innocent of being a second felony offender until after he received his institutional transfer record in December 2006.  The Court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  The pleadings do not suggest that Petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.   A mere claim of actual innocence does not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).  Furthermore, Petitioner pleaded guilty to being a second felony offender.  Thus, equitable tolling does not apply.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Page 8 of  10

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate

of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing

Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or

deny a certificate of appealability when it enters a final order adverse to the applicant. A

certificate may issue only if the applicant has made a substantial showing of the denial of a

constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the

date of this Report and Recommendation, file a memorandum that sets forth arguments on

whether a certificate of appealability should issue.

     **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13 day

of December, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE